IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| KEITH HENDERSON, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| VS. | : | |
| | : | CIVIL NO. 1:14-CV-0152-WLS |
| VIRGINIA M. HERNANDEZ-COVINGTON, et. al. | : | |
| | : | |
| | : | |
| Respondents | : | |

**O R D E R**

Petitioner **KEITH HENDERSON** has filed in this Court a habeas petition under 28 U.S.C. § 2254 in which he seeks to attack his October 4, 2005, conviction for "robbery to armed robbery" in the Superior Court of Early County, Georgia.

Under Rule 4 of the Rules Governing Section 2254 Cases, district courts are required to promptly examine every application filed and thereafter enter a summary dismissal if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court…." Also, "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." Smith v. Ferrell, No. 09 00466 CG B, 2010 U.S. Dist. LEXIS 14738 (S. D. Ala. Feb. 4, 2010) (quoting Curtis v. Citibank, 226 F.3d 133, 138 (2d Cir. 2000)). "[A] suit is duplicative of another suit if the parties, issues, and available relief do not significantly differ between the two actions." I. A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551 (11th Cir. 1986).

A review court records on the U.S. District Web PACER Docket Report reveals that Petitioner has filed other, very similar, applications challenging the same conviction at issue here.[1] One of his prior petitions is still currently pending in this Court: Henderson v. Bishop, 114-cv-128 (WLS). The instant petition will therefore be **DISMISSED** as duplicative.[2]  Petitioner's Motions to Proceed *in forma pauperis* (Doc. 2 & 6) are **GRANTED** only for the purpose of this dismissal; and Petitioner's Motion for Appointment of Counsel (Doc. 5) is **DENIED**.

Petitioner has no absolute entitlement to appeal this dismissal.  28 U.S.C. § 2253(c)(1). Before he may appeal, the district court must first issue a Certificate of Appealability ("COA"). See 28 U.S.C. § 2253(c)(1); 28 U.S.C. §2254, Rule 11(a).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 478, 120 S. Ct. 1595, 146 L.Ed.2d 542 (2000).    Because it is clear on the face of Petitioner's application that this action is duplicative of one already pending in this Court, no reasonable jurist could find that the dismissal of this petition is debatable or wrong. Petitioner is thus **DENIED** a Certificate of Appealability. See 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a).   See also, Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving denial of COA before movant filed a notice of appeal).   Because Petitioner is not entitled to a

---

1 See Henderson v. Allen, 1:14-cv-131 (WLS); Henderson v. Bishop, 114-cv-128 (WLS); Henderson v. Arington, 1:14-cv-151 (WLS).
2 The Court also finds the petition to be nonsensical. Petitioner lists the following grounds for relief: (1) "Customary International Law Several Practices such as slavery state sponsored murders and kidnapping torture and arbitrary detention . . ."; (2) "Assault and Battery of Fear about to harm you Plaintiff . . ."; and (3) "False imprisonment 16-5-41 longer than your time of punishments for a court date"; (4) "Rights to Equal Treatment –see [case law] upholding district court orders directing desegregation of Alabama."   Such grounds plainly do not support a claim for habeas relief in the district court.

COA, he is also not entitled to proceed *in forma pauperis* on appeal.

    **SO ORDERED**, this  20th  day of October, 2014.

                              /s/ W. Louis Sands
                              W. LOUIS SANDS, Judge
                              UNITED STATES DISTRICT COURT